<u>**NOT FOR PULICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEY RUGGIERO,<br><br>                          Plaintiff,<br><br>v.<br><br>ELGIN POWER SOLUTIONS,<br><br>                          Defendant. | Civil Action No. 24-9128 (SDW) (AME)<br><br>**OPINION**<br><br>May 27, 2025 |

**WIGENTON**, District Judge.

      Before this Court is the Report and Recommendation ("R&R") dated March 25, 2025, by Magistrate Judge André M. Espinosa (D.E. 8 ("R&R")) recommending granting Defendant Elgin Power Solutions' ("Elgin") motion to dismiss for lack of personal jurisdiction (D.E. 4). Plaintiff Jamey Ruggiero objected to the R&R (D.E. 9 ("Obj.")), and Defendant responded to that objection (D.E. 12). Upon reviewing the R&R, objection, and response, this Court **ADOPTS** Judge Espinosa's R&R.

      Plaintiff's objection relies on "new evidence" that was not made part of the record until after Judge Espinosa entered the R&R. (Obj. at 2, 7 ("Judge Espinosa did not have this information.").) Under Federal Rule of Civil Procedure 72(b)(3), this Court "may … receive further evidence" when reviewing an R&R. The Court is not required to do so, however. Plaintiff's new evidence—that Elgin has a subsidiary registered to do business in New Jersey— seems to have come to Plaintiff's awareness "recently" despite having been available since August

27, 2021. (Obj. at 3.) Plaintiff has not offered a valid reason for its delay in relying on this evidence, so this Court declines to accept it at this stage.

In any event, the existence of Elgin's subsidiary registered to do business in New Jersey does not disturb the R&R's reasoning. Plaintiff still has not submitted "evidence showing Elgin has sufficient minimum contacts with New Jersey related to the conduct giving rise to this action." (R&R at 9.) The emails attached to the objection are "notably not submitted by affidavit" by anyone with "personal knowledge of th[ose] communication[s]." (*Id.*) Despite its discovery of Elgin's subsidiary registered to do business in New Jersey, Plaintiff still has not met its burden of establishing a *prima facie* case of personal jurisdiction over Elgin. (*Id.* at 4 (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)).)

Accordingly, this Court **ADOPTS** Judge Espinosa's R&R. The complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction. An appropriate order follows.

                                                   /s/ *Susan D. Wigenton*
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.